NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November 1887.

MATTER OF BLACK.

*In the matter of the estate of* ROBERT BLACK, *de-
ceased.*

Decedent died in New Jersey, leaving assets in New York county, the Sur-
rogate's court whereof granted letters of administration of his estate.
Subsequently, a will was proved in a domiciliary court, and ancillary
letters were issued, here, to the foreign executrix.   Upon a settlement
of the administrator's account,—

*Held,* that credit should not be allowed for any disbursements represent-
ing expenses incurred in contesting the foreign probate.

Administrators, in such a case, being liable to be required at any time to
pay over funds collected, will not be mulcted in interest as a penalty
for not making investments.

HEARING of objections, interposed to account of ad-
ministrators, filed in proceedings for judicial settle-
ment.

H. Y. CUMMINS, *for administrators.*

O. FRISBIE, *for ancillary executrix.*

THE SURROGATE.—This decedent died in the State
of New Jersey, and left a will which has there been
duly admitted to probate.   The will has also been re-
corded in the Surrogate's court of this county, and
ancillary letters testamentary have here been issued.

The decedent left assets in this county, and before
the will was admitted to probate the two persons here
accounting took out letters of administration.   They

now claim credit for certain disbursements, which credit is objected to by the ancillary executrix. A portion of the amount in dispute is stated to have been expended in contesting the probate of the will in New Jersey. It is very clear that the accounting parties, as administrators, had no right to expend the funds of the estate in that contest, and while the accounting administratrix in her capacity as one of decedent's next of kin, may have incurred expense in the New Jersey proceedings, her claim to reimbursement out of the estate should have been presented to the New Jersey court, and cannot here be considered. This credit must therefore be disallowed.

The other disputed item concerns counsel fees and disbursements in New York. Although the amount is small, I do not see how the credit can be allowed, without better evidence that such expenditure was necessary than is afforded in the papers before me. The attorney for the administrators presents a bill of costs in the present proceeding, in which he includes as disbursements certain payments on account of the probate contest in New Jersey. Such payments cannot be treated as disbursements in this proceeding, and they must be disallowed; it is not clear but that all of the disbursements set forth in the account are connected with the controversy in New Jersey; they must, therefore, be disallowed altogether. In view of the inconsiderable value of the estate, and in view of the fact that the assets collected by the administrators consist of only two items, and that, apart from matters relating to the New Jersey probate litigation, the accounting parties appear to have made but one

payment, I think that they can be granted as costs no more than $25, and as an allowance for preparing the account no more than $10. The decree may award them those amounts.

In view of their liability to be required at any time to pay over the funds in their hands, I do not think they can properly be charged with interest because of their failure to make investments, especially as they are not shown to have reaped any personal advantage from their negligence.

Let a decree be entered in accordance with this decision.